UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BDC TREE SERVICE, L L C**<br>　　　　　　　**Plaintiff**<br><br>　　v.<br><br>**DEERE & COMPANY, INC. and W.L. DOGGETT, LLC, d/b/a DOGGETT MACHINERY SERVICES**<br>　　　　　　　**Defendants** | **CIVIL ACTION NO. 1:20-CV-01151**<br><br>**JUDGE DAVID C. JOSEPH**<br><br>**MAG. JUDGE PEREZ-MONTES** |

### W.L. DOGGETT, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND CROSS CLAIM

**NOW INTO COURT**, through undersigned counsel, comes defendant W.L. Doggett, LLC d/b/a Doggett Machinery Services ("Doggett") which respectfully submits this Answer and Affirmative Defenses in response to the Complaint of BDC Tree Service L L C ("BDC" or "Plaintiff"), by denying each and every allegation in Plaintiff's Complaint, except for those allegations that may be hereinafter admitted, explained or modified, and by additionally asserting various affirmative defenses below.

As such, Doggett respectfully responds to the Complaint as follows:

### I.　　Parties

1.

No response is required of Doggett to the allegations contained in Paragraph 1. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

No response is required of Doggett to the allegations contained in Paragraph 2. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

1630000.3

1

3.

The allegations of Paragraph 3 are admitted.

## II. Jurisdiction

4.

The allegations of Paragraph 4 are denied to the extent that they call for a legal conclusion. Further answering, the remaining allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

## III. Venue

5.

The allegations of Paragraph 5 call for conclusions of law for which no response is required.

## IV. Conditions Precedent

6.

The allegations of Paragraph 6 are denied.

## V. Facts

### A. The Transaction

7.

Doggett admits that BDC purchased a John Deere 333G compact track loader, skid steer (the "Loader") on or about May 31, 2017. Doggett further admits that, in connection with the purchase, Plaintiff executed and entered into a Machinery Order dated May 31, 2017, Customer Purchase Order dated May 25, 2017, and Loan Contract – Security Agreement dated May 31, 2017, all of which are written contracts that are the best evidence of their contents. To the extent that Plaintiff's allegations are inconsistent with the referenced documents, such allegations are

denied. Further answering, the remaining allegations of Paragraph 7 are denied as written and for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 are denied. Doggett further responds by referencing the Loan Contract – Security Agreement dated May 31, 2017, which sets forth the itemization of the amounts financed by Plaintiff in connection with the purchase of the track loader and the repayment terms.

9.

The allegations of Paragraph 9 are admitted.

**B. Implied Warranties**

10.

The allegations of Paragraph 10 are denied. Doggett further responds by referencing the Machinery Order dated May 31, 2017 and the Customer Purchase Order dated May 25, 2017, each of which provides that no implied warranties were made as to the track loader at issue in the captioned matter.

11.

The allegations of Paragraph 11 are denied.

**C. Express Warranties**

12.

In response to Paragraph 12, Doggett responds that any express warranties made in connection with Plaintiff's purchase of the track loader are governed by the warranty terms of purchase and warranty agreements executed or entered into at the time the track loader was purchased, all of which are evidenced by written documents that are the best evidence of their

1630000.3

contents. To the extent that Plaintiff's allegations are inconsistent with such documents, they are denied. Plaintiff denies any remaining allegations in Paragraph 12.

13.

In response to Paragraph 13, Doggett responds that any express warranties made in connection with Plaintiff's purchase of the track loader are governed by the warranty terms of purchase and warranty agreements executed or entered into at the time the track loader was purchased, all of which are evidenced by written documents that are the best evidence of their contents. To the extent that Plaintiff's allegations are inconsistent with such documents, they are denied. Plaintiff denies any remaining allegations in Paragraph 13.

14.

In response to Paragraph 14, Doggett responds that any express warranties made in connection with Plaintiff's purchase of the track loader are governed by the warranty terms of purchase and warranty agreements executed or entered into at the time the track loader was purchased, all of which are evidenced by written documents that are the best evidence of their contents. To the extent that Plaintiff's allegations are inconsistent with such documents, they are denied. Plaintiff denies any remaining allegations in Paragraph 14.

### D. Actionable Conduct

15.

The allegations of Paragraph 15 are denied. Doggett further responds by referencing the Machinery Order dated May 31, 2017, which expressly provides that Doggett made no warranty, express or implied, with respect to the fitness of the equipment for a particular purpose.

16.

The allegations of Paragraph 16, including all subparts, are denied.

17.

Doggett admits that it has made repairs and/or serviced the Loader since the date of purchase. The remaining allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 do not require an answer of Doggett; however, out of an abundance of caution and to the extent an answer is required, the allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 are denied.

21.

The allegations of Paragraph 21 are denied.

**Count 1: Violations of Louisiana Redhibition Laws**

22.

Paragraph 22 incorporates by reference all previous allegations of the complaint. Doggett responds by incorporating herein by reference its responses to the previous allegations of the complaint.

23.

The allegations of Paragraph 23 call for a legal conclusion for which no answer is required; however, out of an abundance of caution the allegations are denied.

24.

The allegations of Paragraph 24 call for a legal conclusion for which no answer is required; however, out of an abundance of caution the allegations are denied.

25.

The allegations of Paragraph 25 call for a legal conclusion for which no answer is required; however, out of an abundance of caution the allegations are denied.

26.

The allegations of Paragraph 26 call for a legal conclusion for which no answer is required; however, out of an abundance of caution the allegations are denied. It is specifically denied that any defects exist(ed).

27.

The allegations of Paragraph 27 call for a legal conclusion for which no answer is required; however, out of an abundance of caution the allegations are denied.

28.

The allegations of Paragraph 28 are denied.

29.

The allegations of Paragraph 29 are denied.

30.

The allegations of Paragraph 30 are denied.

31.

The allegations of Paragraph 31 are denied.

32.

The allegations of Paragraph 32 call for a legal conclusion for which no answer is required; however, out of an abundance of caution the allegations are denied.

### Count 2: Negligent Repair

33.

Paragraph 33 incorporates by reference all previous allegations of the complaint. Doggett responds by incorporating herein by reference its responses to the previous allegations of the complaint.

34.

Doggett admits that it has made repairs and/or serviced the Loader since the date of purchase. The remaining allegations of Paragraph 34 are denied.

35.

Doggett admits that it has made repairs and/or serviced the Loader since the date of purchase. The remaining allegations of Paragraph 35 are denied

36.

The allegations of Paragraph 36 are denied.

37.

The allegations of Paragraph 37 are denied.

38.

The allegations of Paragraph 38 are denied.

### VI.   Damages

39.

The allegations of Paragraph 39 are denied.

40.

The allegations of Paragraph 40 are denied.

41.

The allegations of Paragraph 41 are denied. Doggett further responds by referencing the terms of the Machinery Order dated May 21, 2017, which expressly provides that Plaintiff shall not be entitled to any incidental or consequential damages arising from the sale or use of the equipment.

### VII. Request for Rescission

42.

The allegations of Paragraph 42 are denied.

43.

The allegations of Paragraph 43 are denied.

### VIII. Attorney Fees and Costs

44.

The allegations of Paragraph 44 are denied.

### IX. Prayer for Relief

45.

The allegations of Paragraph 45, including all subparts, are denied.

### X. Demand for Jury Trial

46.

The allegations of Paragraph 46 do not require an answer from Doggett. Doggett further responds by referencing the terms of the Loan Contract – Security Agreement dated May 31, 2017, pursuant to which Plaintiff waived its right to a jury trial.

**AND NOW**, in further response to BDC's claims and demands, Doggett asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Doggett for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has neither alleged nor sustained any actual damage (the existence of which is denied) which was caused by Doggett.

### THIRD AFFIRMATIVE DEFENSE

Any damage that Plaintiff may have incurred (the existence of which is denied) is the result of acts or omissions of parties other than Doggett and for which Doggett is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages and is unable to seek from Doggett any damages occurring as a result of Plaintiff's failure to mitigate.

### FIFTH AFFIRMATIVE DEFENSE

Any damage that Plaintiff may have incurred (the existence of which is denied) is the result of the unforeseen forces of the elements of nature and not the result of a product defect.

### SIXTH AFFIRMATIVE DEFENSE

Any damage that Plaintiff may have incurred (the existence of which is denied) were caused by the fault, negligence and carelessness of Plaintiff and/or others for whom Doggett is not responsible. Doggett asks that the trier of fact apportion that fault among the responsible parties, finding Doggett free from fault pursuant to La. C.C. article 2323.

### SEVENTH AFFIRMATIVE DEFENSE

No defect exists in the subject Loader.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has no claim against Doggett pursuant to the Louisiana Products Liability Act, La. R.S. 9:2800.52.

### NINTH AFFIRMATIVE DEFENSE

Any defect which may exist in the subject Loader, the existence of which is denied, was the result of a superseding or new and independent or intervening cause occurring after Plaintiff purchased the Loader.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited to those expenses which were actually incurred on Plaintiff's behalf.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims in the Complaint are barred by the doctrines of waiver, ratification, indemnity, unclean hands and/or estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

The terms, conditions, and provisions of the documents related to the transactions at issue in the Complaint, specifically including the Machinery Order dated May 31, 2017, Customer Purchase Order dated May 25, 2017, and Loan Contract – Security Agreement dated May 31, 2017, are specifically and affirmatively pled herein, as if set forth herein in full, which terms, conditions and provisions act to bar and/or limit the claims of Plaintiff – including, without limitation, waivers of express and implied warranties, a limitation of liability that prohibits any

claims for consequential or incidental damages arising from the sale or use of the equipment, and a waiver of Plaintiff's right to a jury trial.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable prescriptive period, including, without limitation, the prescriptive periods set forth by Louisiana Civil Code art. 2534.

### FOURTEENTH AFFIRMATIVE DEFENSE

Doggett reserves the right to assert any additional affirmative defenses and any reconventional demands, crossclaims and/or third party demands which it may discover during the course of additional investigation and discovery.

**WHEREFORE**, W.L. Doggett, LLC d/b/a Doggett Machinery Services prays that this answer be deemed good and sufficient and after due proceedings are had that judgment be entered in its favor and against BDC Tree Service L L C, dismissing the complaint with prejudice at Plaintiff's cost; awarding attorneys' fees and court costs; and, granting such additional relief as appropriate.

### CROSSCLAIM FOR DAMAGES

**AND NOW**, through undersigned counsel, comes W.L. Doggett, LLC d/b/a Doggett Machinery Services, LLC ("Doggett") as crossclaim plaintiff, who files this Crossclaim for Damages as follows:

47.

Made crossclaim defendant is John Deere Construction & Forestry Company ("Deere"), a Delaware Corporation with its principal business office in Moline, Illinois.

48.

In the Original Petition for Damages, Plaintiff, BDC Tree Service, L L C ("BDC"), contends that the John Deere 333GX compact track loader, skid steer (the "Loader") it purchased is defective.

49.

The Loader at issue in this lawsuit was manufactured, designed, assembled, sold, serviced, distributed, and warranted by Deere.

50.

BDC filed the Original Petition herein alleging various theories of liability against Deere and Doggett, including defects in redhibition, breach of contract, breach of express and implied warranties, negligence and all other damages available under Louisiana law. BDC asserts that the alleged product failed because of a redhibitory defect which rendered the Loader totally useless.

51.

Doggett denied that it manufactured the Loader in question and generally denies any and all liability whatsoever to BDC as a result of the incident made the subject of this lawsuit.

52.

In the event BDC is successful in proving the defective nature of the Loader, which is at all times denied, then in that event, Doggett shows that liability may exist on the part of Deere, the manufacturer of the excavator.

53.

If BDC is successful in establishing liability on the part of Doggett for the incident at issue in this lawsuit, which is denied, then pursuant to La. R.S. 51:483.1, Doggett is entitled to full indemnity against Deere, for any and all amounts which it may be cast in judgment to BDC.

54.

Alternatively, if the BDC is successful in establishing liability on the part of Doggett for the incident at issue in this lawsuit, which is denied, then pursuant to La. C.C. art. 2531, Doggett is entitled to full indemnity against Deere, for any and all amounts which it may be cast in judgment to the BDC as any defect in the Loader, the existence of which is denied, existed at the time the Loader was delivered to Doggett.

55.

Alternatively, if the BDC is successful in establishing liability on the part of Doggett for the incident at issue in this lawsuit, which is denied, then, Doggett is entitled to a reduction of any and all liability assessed against Doggett and in favor of the BDC to the extent of legal fault and/or liability established on the part of others including but not limited to Deere.

**WHEREFORE**, W. L. Doggett, LLC d/b/a Doggett Machinery Services prays that after due proceedings are had there be judgment in favor of W. L. Doggett, LLC d/b/a Doggett Machinery Services, LLC and against crossclaim defendant, John Deere Construction & Forestry Company, for any and all damages assessed against W. L. Doggett, LLC d/b/a Doggett Machinery Services, LLC, plus reasonable attorney fees and all costs of these proceedings.

**McGlinchey Stafford PLLC**

*/s/Zelma M. Frederick*
M. Brent Hicks, (LA #23778)
Zelma M. Frederick (LA #31459)
301 Main Street, Fourteenth Floor
Baton Rouge, Louisiana 70801
Telephone: (225) 383-9000
Facsimile: (225) 343-3076
Email: bhicks@mcglinchey.com
      zfrederick@mcglinchey.com
*Attorneys for Defendant W.L. Doggett Machinery Services, LLC*

1630000.3

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

I certify that on November 3, 2020, I electronically filed an Answer and Affirmative Defenses on behalf of W. L. Doggett Machinery Services, LLC with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document by first-class mail to all counsel of record and unrepresented parties who are non-CM/ECF participants.

*/s/ Zelma M. Frederick*
Zelma M. Frederick