UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BDC TREE SERVICE L L C | CIVIL ACTION NO. 1:20-cv-01151 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DEERE & CO INC, et al | MAG. JUDGE PEREZ-MONTES |

JOINT RULE 26(f) REPORT

Trial Date:   TBD

Pretrial Conference Date:    TBD

Type of Trial:    ☒  JURY  ☐  BENCH

Estimated length of trial is 5 court days.

1. **Participants:**

    (1) Fred Pharis, Pharis Law Offices on behalf of Plaintiff, BDC Tree Service LLC;

    (2) Ms. Zelma M. Frederick, McGlinchey Stafford, PLLC, on behalf of W.L. Doggett LLC d/b/a Doggett Machinery Services ("Doggett"); and

    (3) Mr. Paul M. Lavelle, Cotten Schmidt, L.L.P., on behalf of Deere & Company ("Deere");

2. **Affirmation Regarding Initial Disclosures:**

    The parties affirm that each will comply with the initial disclosure requirement of Fed. R. Civ. P. 26(a)(1) following the filing of this report.

3. **Jurisdictional Basis:**

    Diversity of Citizenship, plus minimum amount in controversey threshold.

4. **Brief Description of Claims**:

    On or about May 31, 2017, Plaintiff purchased a new John Deere 333G  compact track loader, skid steer (hereinafter sometimes "track loader"), mulching head, and accouterments with factory options, from Doggett in Alexandria, Louisiana.  The track loader, mulching head, and accouterments were purchased primarily for Plaintiff's use in the business of land development and land clearing in or near Rapides  Parish,

Louisiana. Prior to the sale, it was represented to the Plaintiff by Doggett, that the machine was sufficient and adequate for the type of work Plaintiff intended to use the loader for, and that it would fit and be compatible with various mulching heads needed by Plaintiff to complete the work. In fact, the mulching heads available, recommended, and sold by Doggett were not able to be used with the loader adequately enough to avoid repeat repairs and overheating. Within the first few months after purchase, Plaintiff began experiencing defective conditions with the track loader, mulching head, and accouterments. Multiple defects and multiple repairs are described in Paragraph 16 of the Complaint.

Plaintiff is suing for a recision of the sale and damages under Louisiana Rehibition Law, as shown in the Complaint begining at Paragraph 22, and additionally for negligent repair against the seller, Doggett Machinery, as shown in the Compaint beginning at Paragraph 33. Attorney's fees and damages are also awardable.

5. **Brief Statement of Responses**:

   **Response of Doggett Machinery Services:**

   Doggett has no affirmative claims against Plaintiff. Doggett denies Plaintiff's characterization of this case and specifically denies any liability to Plaintiff. Doggett is unaware of the basis of the alleged representations that it made to Plaintiff regarding the machinery at issue, and further, Doggett denies the existence of any alleged redhibitory defect. The machinery at issue has been used continually and regularly since Plaintiff purchased it in January, 2017. Doggett claims that any necessary repairs or overheating were due to Plaintiff's improper maintenance and improper operation of the loader and its accessories.

   **Response of Deere & Company:**

   Deere asserts that the 333G compact truck skid steer loader and mulching head are free from redhibitory defects and have been used by plaintiff regularly and continually since purchase. Deere claims any repairs or overheating were due to plaintiff's improper maintenance and improper operation of the loader.

6. **Anticipated Amendments to Pleadings and Motions**:

   Plaintiff anticipates adding defendants' insurance policies under *Hollybrook Cottonseed Processing LLC v. American Guar. & Liab. Ins. Co.*, 772 F.3d 1031 (5th Cir. 2014).

   At the present stage in these proceedings, the parties have not yet determined specific anticipated amendments to pleadings or motions.

7. **Anticipated Expert Witnesses**:

   For plaintiff, none.

For defendant Deere & Company, it anticipates calling Steven Wienkes, Deere's Manager of Product Safety.

Doggett anticipates a shared designation with Deere; Steven Wienkes, Deere's Manager of Product Safety.

8. **Discovery Plan:**

   Plaintiff: Written discovery to be served on Defendants in the next 14 days. Additionally, depositions of personnel at Doggett Machinery, and any expert would need to be deposed. Plaintiff also anticipates obtaining documents regarding other local customers who have experienced the same issues and failures when they purchased the same make and similar model to the Plaintiff's machine.

   Defendant: Deere anticipates that written discovery will be submitted to plaintiff on or about February 15, 2021. Depositions of plaintiff and others identified in the course of discovery will also be required.

9. **Stipulations**:

   a. Deere & Company manufactured the Subject Skid Steer and attachments.

   b. Doggett Machinery is the seller and the repair facility for the Subject Skid Steer.

10. **Major Issues of Fact and Law in Dispute:**

    **By Plaintiffs:**

    a. Whether or not defects existed in the skid steer at the time of the sale which have caused the skid steer to become useless or its use so inconvenient that it must be presumed that neither Plantiff nor a reasonable person would have purchased the skid steer had the Plaintiff known of the defects prior to the sale.

    b. Whether or not Deere & Company. ("Deere") or its authorized repair facility, Doggett Machinery Services, violated the express warranty by failing to conform the tractors to the warranty considering the number of repairs undergone by the Plaintiff and the problems remaining.

    c. Whether or not Doggett Machinery violated its "higher duty to discover and correct defects" to detect and repair defects it is required to fix under the manufacturer's warranty system that Doggett participates in, as set forth in *Carr v. Nissan Motor Corp.*, 546 So.2d 582, (La.App. 1 Cir.,1989) and *Hunt v. Ford Motor Co.*, 341 So.2d 614 (La.App. 2d Cir.1977).

d. Plaintiff further states that comparative fault is not available under Count 1, Plaintiff's redhibition claims, as shown by prevailing Louisiana state court case law, including *Justiss Oil Co., Inc. v. Oil Country Tubular Corp.*, 2015©1148 (La.App. 3 Cir. 4/5/17, 17*), Hostetler v. W. Gray & Co.*, 523 So.2d 1359, 1368 (La.App. 2 Cir.1988), and *Merlin v. Fuselier Const., Inc.* 789 So.2d 710, *717 (La.App. 5 Cir.,2001).

e. The amount of damages to be awarded.

f. The amount of attorney's fees to be awarded.

**By Defendant Doggett Machinery Services:**

Whether redhibitory defects exist.

Whether, and to what extent, Plaintiff received value from its use of the machine since its purchase in 2017.

The amount of damages, if any, that are recoverable.

The extent of fault attributable to Plaintiff for his failure to properly maintain the machine.

The extent of fault attributable to the Plaintiff for his failure to properly operate the machine as it was intended to be operated.

**By Defendant, Deere & Company:**

Whether redhibitory defects exists. The value of the use of the machine. The percentage of fault attributable to plaintiff.

11. **Related Case Information**:

    None.

12. **Surveillance Evidence:**

    N/A.

13. **Alternative Dispute Resolution (ADR):**

    The parties believe that either (a) a private mediation; and/or (b) a court settlement conference with the Magistrate Judge may be beneficial near the end or shortly after the close of discovery.

**14. Rule 16 Conference:**

The parties do not currently request a Rule 16 conference but they will inform the Court if such a conference is requested.

**15. Electronic Courtroom:**

The parties are willing to comply with electronic courtroom requirements.

**16. Electronically Generated Exhibits or Aids:**

All exhibits may be electronically rendered.

**17. Handicap Provisions:**

N/A.

**18. Consent Trials:**

The parties are not prepared to consent to a trial by a Magistrate Judge at this time.


January 12, 2021

    *s/Fred A. Pharis*
**FRED A. PHARIS**
of **PHARIS LAW OFFICES**
831 DeSoto Street
Alexandria, LA 71301
Telephone: (318) 445-8266
Bar Roll No. 1536
*Attorney for Plaintiff*


January 12, 2021

   *s/ Zelma M. Frederick*
Zelma M. Frederick
McGlinchey Stafford, PLLC
301 Main St., Ste 1400
Baton Rouge, LA 70801
zfrederick@mcglinchey.com
*Attorney for W.L. Doggett LLC d/b/a Doggett Machinery Services*

January 12, 2021                          **/s/ PAUL M. LAVELLE (08134)**
                                          **PAUL M. LAVELLE**
                                          CODY J. ACOSTA (37005)
                                          Cotten Schmidt, L.L.P.
                                          650 Poydras St., Ste 1950
                                          New Orleans, LA 70130
                                          plavelle@cottenschmidt.com
                                          *Attorney for Deere & Company*