UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

B D C TREE SERVICE L L C            CASE NO.  1:20-CV-01151

VERSUS                              JUDGE DRELL

DEERE & CO INC ET AL                MAGISTRATE JUDGE PEREZ-MONTES

## CIVIL CASE MANAGEMENT ORDER NO. 1

*PLEASE READ CAREFULLY.  THIS ORDER DIRECTS THE HANDLING OF YOUR CASE!*

This Case Management Order is intended to provide counsel with the maximum opportunity for input regarding case management prior to the pretrial conference.  For cases over which Judge Dee D. Drell and Magistrate Judge Joseph Perez-Montes have responsibility, excluding: (1) petitions for writs of habeas corpus; (2) social security matters; (3) pro se § 1983 actions against prisons or wardens; (4) petitions for relief under 28 U.S.C. §§ 2254-2255; (5) ERISA cases arising out of 29 U.S.C. §1132; and (6) appeals from decisions of the bankruptcy court, the following Order shall apply:

1. No later than September 13, 2021 counsel for the plaintiff shall initiate a conference between/among the parties in the case as of that time.  If the plaintiff is unrepresented, counsel for the first named represented defendant shall initiate the conference.  If all parties are unrepresented, the plaintiff shall initiate the conference.  The conference may be by telephone or other electronic means.  At this conference, the attorneys for the parties and/or the unrepresented parties themselves, shall prepare a "Plan of Work" designed to avoid unnecessary delay in the disposition of the matter.

2. A sample Plan of Work format is attached to this Order and may also be found on our website at www.lawd.uscourts.gov on Judge Dee D. Drell's forms page. The entries may be customized but none may be deleted.)

3. The Plan of Work should have two sections.  The first section shall include a schedule limiting the time for completion of discovery and setting final dates for filing dispositive motions, adding parties, and/or filing amended pleadings.  The schedule should reflect the parties' best estimates (based on the information then reasonably available to them) of the time needed for case development.  Other matters that must be addressed in the first section of the Plan of Work include the following:  deadlines for employing experts, taking depositions, and/or exchanging reports; consideration of the matters set forth in Fed. R. Civ. P. 26(f); certification of compliance with the provisions of Fed. R. Civ. P. 26(a); and

Revised 1/5/16

the **e-mail addresses for all trial attorneys**. Dates for the pretrial conference and the trial should NOT be included in the Plan of Work.

4. The second section of the Plan of Work should explain areas of disagreement and/or issues, if any, regarding the information set forth in the first section of the Plan of Work. The second section should also detail any failure of counsel or an unrepresented party to demonstrate good faith participation in the Plan of Work process

5. The person initiating the conference in paragraph (1) of this Order shall be responsible for **filing the original written Proposed Plan of Work** within the deadlines established by Fed. R. Civ. P. 26(f). If submitting electronically, the filing may be entered using the **"Motions"** category and selecting the **Proposed Plan of Work** event. The filer shall also be responsible for submitting, with the written Plan of Work, a proposed Order accepting the Plan of Work and designating it as the Scheduling Order. Upon receipt of the Plan of Work proposal, the Clerk shall forward same to the Chambers of Magistrate Judge Joseph Perez-Montes for consideration. The court will then contact counsel/unrepresented parties as appropriate to schedule a preliminary conference for further Plan of Work scheduling and clarification. After the conference, the court will issue a Scheduling Order, as outlined in Fed. R. Civ. P. 16(b). Parties and counsel are reminded that LR41.3 provides for dismissal of actions pending six months without proceedings being taken within such period. This rule encompasses failure to file the Plan of Work required in this Order. The filing of a Plan of Work after dismissal under LR41.3 will not serve to reinstate a case.

6. PARTIES MAY NOT FILE SEPARATE PROPOSED PLANS OF WORK. Areas of disagreement, if any, on the proposed plan must, instead, be noted in the designated section of the joint proposed plan. Counsel should be aware of their affirmative duties pursuant to revised (December 2, 2015) Federal Rules of Civil Procedure Rule 1.

7. In accordance with LR7.1, the appropriate method of transmitting any motion or response, including attachments and exhibits, shall be by MAILING a hard copy to chambers. Difficulties regarding this rule may be resolved by a telephone call to chambers.

8. The court may monitor case development with the use of telephone status conferences and/or other contact at appropriate intervals, but generally once a quarter.

9. Upon determining that the legal and factual issues in the case are sufficiently developed, **the court will schedule the case for a pretrial conference approximately 120 days following the last deadline date agreed to by the parties in the Plan of Work. At the pretrial conference, the court will set the case for trial** and will attend to other matters as needed. Counsel and/or unrepresented parties will be expected to attend the pretrial conference in person.

**BY ORDER OF THE COURT**

Revised 1/5/16

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION**

**B D C TREE SERVICE L L C**

**VERSUS**

**DEERE & CO INC ET AL**

**PROPOSED PLAN OF WORK**

On [*insert date*] , the following individuals participated in a meeting [*by telephone/other electronic means*] [*in person*] during which this Plan of Work was formulated: [*List all parties and their counsel, if any,* **including e-mail addresses for trial attorneys**.]

## Part A

Based on the information now reasonably available, the parties have agreed upon the following:

1. _____    Deadline for completion of discovery

2. _____    Final date for filing dispositive motions

3. _____    Final date for adding parties

4. _____    Final date for filing amended pleadings

5. _____    Final date for employing experts

6. _____    Final date for exchanging reports of experts

7. _____    Final date for taking depositions of experts

8. _____    Date disclosures under Fed. R. Civ. P. 26(a) were made or will be made

9. Considering the subjects addressed by Fed. R. Civ. P. 26(f), the parties propose the following changes, limitations, or other matters: ☐ NONE; or _____
_____
_____
_____
_____
_____

**Part B**

The following areas of disagreement, issues, or problems have arisen regarding the information set forth in Section A and/or the participation of counsel/unrepresented parties in the Plan of Work process: ☐ NONE; or _____
_____
_____
_____
_____

[***Further explanation for any response may be entered on supplemental pages***.]


[***THE PLAN OF WORK MUST BE SIGNED IN ORIGINAL AND DATED BY ALL COUNSEL/UNREPRESENTED PARTIES***.]

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**B D C TREE SERVICE L L C**

**VERSUS**

**DEERE & CO INC ET AL**

## ORDER

Considering the Proposed Plan of Work submitted herein,

IT IS ORDERED that the Plan of Work be and is hereby accepted and shall become the Scheduling Order in this case, subject to the following modifications:

_____

_____

It appearing to the Court that the provisions of the Plan of Work will be satisfied on _____, 201__,

IT IS FURTHER ORDERED that a pretrial conference be held, in Chambers, on _____,201__, beginning at _____ __.M.

IT IS FURTHER ORDERED that the Clerk of Court send out the Civil Case Management Order No. 2 – Pretrial Proceedings.

IT IS FURTHER ORDERED that counsel are to review this Court's Standing Order-Possession and Use of Electronic Devices in the Courtroom found on our website at www.lawd.uscourts.gov on Judge Dee D. Drell's forms page.

SIGNED on this _____ day of _____,201__, at Alexandria, Louisiana.

_____
FOR THE COURT

Revised 1/5/16